UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**COLLETTA BARRETT, ET AL.**        **CIVIL ACTION**

**VERSUS**        **NO. 25-543-JWD-RLB**

**STATE FARM FIRE & CASUALTY COMPANY**

### NOTICE

Please take notice that the attached Magistrate Judge's Report and Recommendations has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days from the date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 23, 2025.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

COLLETTA BARRETT, ET AL.                         CIVIL ACTION

VERSUS                                           NO. 25-543-JWD-RLB

STATE FARM FIRE & CASUALTY COMPANY

### REPORT AND RECOMMENDATION

This report and recommendation is issued *sua sponte.* The Notice of Removal in this matter was filed on June 23, 2025. (R. Doc. 1). On July 24, 2025, the Court set a telephone scheduling conference for August 28, 2025, with a joint status report due August 14, 2025. (R. Doc. 5). Defendant filed an answer on July 29, 2025. (R. Doc. 6). **Plaintiff's counsel failed to file a status report on August 14, 2025 as ordered.** Due to that failure to comply, on August 26, 2025, the Court entered an Order resetting the telephone scheduling conference to October 9, 2025 with a joint status report due September 25, 2025. (R. Doc. 7). Counsel was advised that failure to file a joint status report as directed may result in an order to show cause issued to counsel.

On August 29, 2025, counsel for defendant filed a Motion for Leave to File a Separate Status Report, which the Court subsequently granted, and the Status Report containing only defendant's inserts was filed. (R. Docs. 8, 9, 10). Defense counsel represented to the Court that plaintiff's counsel did not respond to multiple emails and that they have "**attempted contacting Plaintiff's counsel's office by telephone multiple times regarding filing of the Joint Status Report with no answer.**" (R. Doc. 8-2 at 1).

**Plaintiff's counsel failed to file a status report on September 25, 2025 as ordered.** On October 2, 2025, the Court entered an order to show cause for failure of plaintiff's counsel to comply with the Court's orders. (R. Doc. 11). Counsel for plaintiff, Anders J. Paul Fredrickson,

II, was directed to personally appear to show cause why sanctions should not be imposed or a recommendation of dismissal issued.

**On October 22, 2025, a show cause hearing was held and counsel for plaintiff, Anders J. Paul Fredrickson, II, failed to appear as directed**. (R. Doc. 14). In addition, counsel for defendant contacted chambers prior to the hearing and notified court staff that there had been no contact with plaintiff's counsel.

Although not directly applicable under the current circumstances, Local Rule 41(b)(2) provides that: "Prior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action. If a timely response is filed, a District Judge or a Magistrate Judge may order additional time within which to take action, dismiss the civil action without prejudice, or issue any other appropriate order." The Court finds that Plaintiff should be afforded that same 14-day period to advise the Court if he wishes to proceed with his case. The timeframe to submit objections to this Report and Recommendation will give him that time.

In this instance, dismissal is warranted under Fed. Rules Civ. P. 16 and 37. Under Fed. R. Civ. P. 16, a court "may order the attorneys and any unrepresented parties to appear for one or more pretrial conferences for certain purposes. If a party or its attorney "fails to appear at a . . . pretrial conference[,]" a court may issue on its own motion "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)[.]" Fed. R. Civ. P. 16(f). As one of the available sanctions under Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) is "dismissing the action or proceeding in whole or in part[,]" the captioned matter may be dismissed for plaintiff's failures to appear at a pretrial conference. (R. Doc. 14).

This case cannot proceed if plaintiff fails to comply with orders of the Court, fails to respond to any communication from opposing counsel, and fails to appear in Court as required.

## **RECOMMENDATION**

It is the recommendation of the Magistrate Judge that Plaintiff's Complaint be dismissed without prejudice pursuant to Local Rule 41(b) for failure to prosecute and failure to comply with Court orders.

Signed in Baton Rouge, Louisiana, on October 23, 2025.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**